Otto A. Herzog *vs.* Annie M. J. Matteson, *Admx.*

JANUARY 22, 1942.

Present: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Flynn, C. J. This is a bill in equity to establish, in favor of the complainant, a resulting trust in certain moneys in the possession of the respondent as administratrix of the estate of complainant's former wife, Bessie A. Herzog, deceased. The cause was heard by a justice of the superior court on bill, answer, replication, and evidence, and thereupon a final decree was entered denying and dismissing the bill of complaint. It is before us on complainant's appeal from that decree.

The complainant himself was the only material witness in the cause. He testified substantially to the following facts. Complainant married Bessie A. Herzog in 1899 and they lived together until 1921. No child was born of that marriage. Complainant purchased with his own money two parcels of real estate, described in the bill of complaint. His wife contributed no money toward these purchases. In 1916 complainant by deed conveyed these parcels of realty to his wife without receiving any money consideration, but upon an oral

understanding that his name "would be placed back" on the property at some time in the future. Thereafter the complainant continued as before to collect rents, make repairs, pay most of the bills, and look after the property.

In September 1921 one of the parcels located on Union avenue, in the city of Providence, was sold and conveyed to a purchaser and the complainant signed the deed, thereby releasing any curtesy right in that property. No part of this sale price was ever paid to him. At or about that time, complainant's wife locked him out of the house and demanded rent from him for occupancy of the garage. He moved therefrom and from that time the parties never lived together again, the wife continuing to have and exercise sole control over the remaining realty.

In November 1927 the other parcel, situated on Priscilla avenue, in Providence, was sold and conveyed to another purchaser and the complainant signed the deed, thereby releasing any curtesy right in that property. No part of this sale price was ever paid to the complainant. At about the same time the complainant executed and delivered to his wife, upon her payment of $1000 to his mother, with whom he lived, a general release of all claims he then had against his wife. Complainant testified, however, that this payment was due his mother on a mortgage held by her on one of the parcels.

In 1935 a final decree of divorce was entered on the ground that the parties had lived separate and apart for more than ten years. The decree contained stipulations that all alimony was waived and that neither party would make any claim against the property of the other. Bessie A. Herzog died April 11, 1939, in Los Angeles, California. Thereafter a petition for administration of her estate was granted by the probate court in Providence and the respondent was duly appointed and qualified as administratrix thereof. No claim of any kind was filed by complainant against the estate.

On cross-examination the complainant admitted that when he conveyed the realty to his wife in 1916 there was

no understanding that she would reconvey it; but he testified that on several occasions *thereafter,* she had told him she would do so at some time in the future. He also admitted that he conveyed the property to his wife because "it was her wishes that she wanted it in her name . . . that is the only reason"; and that his wife claimed ownership of all the property from 1916 and had entire control of the realty remaining after 1921.

He further admitted that, although he had signed the deed to the first parcel in 1921 and had never received any of the sale price, and although he was fully aware of his alleged entire ownership and claim against his wife, he nevertheless signed the deed to the second parcel in 1927 without receiving any of the proceeds from the sale of either parcel; and also that he executed, about the same time, a general release of all his claims against his wife, in order to obtain payment of $1000 by her to his mother. He also admitted that he was fully aware of his claim when he authorized the stipulation in the final decree of divorce that neither party would claim any of the other's property.

He admitted that he took no proceedings to enforce his rights during her lifetime, and that he would make no claim now except for the fact that she was dead. He was unable to tell the sale price, the amount of the mortgage, or any information concerning the net proceeds received from any of these sales. There is no evidence showing that any of the money in the hands of the respondent came directly or indirectly from the proceeds of these sales. He did not deny that his former wife also had an estate in California. He further had no knowledge of the source of any of the money that was in the hands of the respondent.

The respondent introduced in evidence a copy of the general release executed by the complainant to his wife, as well as a similar general release executed by complainant's mother, and a mortgage note which was surrendered and marked by the attorney for complainant's mother "Satisfied in full Nov. 29, 1927."

The trial justice found substantially that any action by the complainant, based upon his alleged claim against his former wife, or against the proceeds from the sales of the realty, was barred by the general release which he executed and delivered to her for a valid consideration. Assuming, under all the circumstances, that this is a proper proceeding to bring against the estate, we are of the opinion that the evidence amply supported the finding that whatever claim the complainant might have had against Bessie A. Herzog was released by him during her life for a valid consideration. The terms of the release are general and there is evidence of consideration for it. No fraud in obtaining it was claimed or proved and we find no reason for refusing to give its terms full force and effect.

In addition, even assuming that the present proceeding was proper and could be maintained by following the *res* into the assets of the estate of Bessie A. Herzog, there is no evidence that any of the proceeds from the sale of either of the parcels described in the bill of complaint ever came into the hands and possession of the respondent as administratrix of her estate. Therefore the relief prayed for could not be granted in any event.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John H. DiStefano,* for complainant.

*Philip S. Knauer, Philip S. Knauer, Jr.,* for respondent.